UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JUAN RAMOS, MARIO ALBERTO
VELASQUEZ, JORGE DELGADO,
JOSE MARIA SUAZO, CARLOS
MENJIVAR, MARCIAL ANTONIO
RUGAMA, LUIS FERNANDO
RAMIREZ, ALVARO SOTELO,
ALVARO IZAGUIRRE
MALDONADO, JOSE ARMANDO
PINEDA, and others similarly-situated,

CASE NO. 09-23243-CIV-HUCK

MAGISTRATE JUDGE O'SULLIVAN

      Plaintiffs,

vs.

WEISS & WOOLRICH SOUTHERN
ENTERPRISES, INC., a Florida
corporation, HENRY GEMBALA,
individually, and C.G.R.
CONSTRUCTION CO., INC., a Florida
corporation,

      Defendants.

_____/

**PLAINTIFFS' MOTION FOR ISSUANCE OF NOTICE OF ACTION
AGAINST DEFENDANT C.G.R. CONSTRUCTION CO., INC.[1]**

     Plaintiffs, by and through their undersigned attorney, hereby move for the issuance of a

Notice of Action by the Clerk of the Court against Defendant C.G.R. CONSTRUCTION CO., INC.

("CGR"), and as grounds allege:

     1.     On December 16, 2009, the Court granted Plaintiffs' Motion to Amend the Complaint

in order to add CGR as a party Defendant. [D.E. 40].   Counsel for Defendants, WEISS &

_____

[1]These proceedings have been stayed with the exception that the Court announced that
Plaintiffs may continue their efforts to serve CGR.

WOOLRICH SOUTHERN ENTERPRISES, INC. ("W&W") and HENRY GEMBALA ("GEMBALA"), agreed to accept service on behalf of CGR. [D.E. 41]. The following exchange took place in open Court:

> THE COURT: Let me ask you this. Has CGR Construction Company, Inc., been served?
> MR. MARBAN: They have not.
> THE COURT: Mr. Feingold?
> MR. FEINGOLD: Judge, I would assume we'll accept service on their behalf.
> THE COURT: So, you'll accept service.
> &ast;&ast;&ast;
> THE COURT: And then how much time do you need to respond to it?
> MR. FEINGOLD: If we can have, just because of the time of the year, maybe 15 days. [D.E. 59 p. 9]

2.     Later, Defendants' counsel reneged on the agreement to accept service of process. Plaintiffs then moved to enforce the open Court agreement to accept service on behalf of CGR. [D.E. 56]. Defense counsel represented that he did not have authority to accept service of process and the Court was therefore unable to enforce the open Court stipulation. However, the Court did note that it appeared as if someone was playing games. The Court warned that sanctions will be issued should it find that someone was playing games:

> You can tell your respective clients **we're going to do it the hard way**. But I ask both sides to remind me about this session and there may be some sanctions if I find that someone has caused additional time and expense because there have been misrepresentations. (emphasis added) [D.E. 105-5 p. 8-9].

3.     CGR and Co-Defendant W&W are in fact playing games. After multiple attempts to serve CGR at the registered agent address listed with the Florida Department of State, Division of Corporations, hiring an investigator, and attempting service of process in Texas, Plaintiffs have now discovered CGR's whereabouts, **at the same office as W&W**. The process server notes the following in the return of service:

*Server noticed a mailbox labeled "C G R" on property belonging to Weiss & Woolrich (picture of same attached herereto as Exhibit "A"). Server was unable to gain access to Weiss & Woolrich office to ascertain whereabouts of CGR Construction. Server then called Weiss & Woolrich and inquired about whereabouts of CGR Construction and the existence of the mailbox on their property. The Weiss & Woolrich Representative declined to explain the situation **and only provided the company's last known address of 12351 NW 35th St.,Coral Springs Florida 33065,**[2] which is not inhabited by the subject.* (emphasis added) Exhibit A.

4.      In addition to the foregoing, Plaintiffs subpoenaed records from SouthEast Personnel Leasing, Inc. ("SouthEast"), the company which issued checks to Plaintiffs while they were *allegedly employed* by CGR.  SouthEast has produced one document evidencing that GEMBALA was the owner and representative of CGR during the time that W&W supposedly did not employ Plaintiffs.[3] Exhibit C.

### Previous Attempts to Serve CGR and Unnecessary Expenses Incurred

5.      The attached return of service from the process server evidence multiple attempts to serve CGR either with Subpoenas or Summonses at the 1235 NW 35th Street Coral Springs, Florida address. Composite Exhibit D.  That was the address listed with the Florida Department of State, Division of Corporations. Exhibit E.  The attached returns evidence that CGR never has a registered

---

[2]The 12351 N.W. 35th Street, Coral Springs, Florida, address is the same one where service of process was attempted on multiple occasions and that given by defense counsel for W&W when asked to cooperate.  Both companies work together and defense counsel has filed an Affidavit on behalf of Carlo Rebosio, CGR's owner and president. [D.E. 86-1]; [D.E. 86-4]; [D.E. 86-5].

[3]The allegation that W&W did not employ Plaintiffs during a particular time period is part of bigger game where a story is concocted in order to gain an unfair advantage and vexatiously multiply these proceedings.  Please see Rule 37 Motion for Sanctions [D.E. 52], in the companion case of *Jorge Alberto Barrera, et al. v. Weiss & Woolrich Southern Enterprises, Inc., et al., Case No. 09-21841-CIV-GRAHAM/Torres*.  The same game was played in front of Judge Graham by GEMBALA.  Judge Graham ordered him to make himself available in order to be served.  Exhibit B.  At the appropriate time, Plaintiff will produce additional evidence to show that the funds used to pay Plaintiffs while allegedly employed by CGR, directly came from a GEMBALA-owned entity.

agent available at the designated address.  Moreover, CGR did not have any other offices or locations where substitute service may be made (except the same office where W&W is located, as recenlty discovered by Plaintiffs). Exhibit A.

6.    CGR and W&W and GEMBALA are currently involved in other projects; however, W&W refused to provide Plaintiffs with an address in order to serve CGR, despite the fact that CGR is located in the same place. [D.E. 86-1]; [D.E. 86-4]; [D.E. 86-5].

7.    Plaintiff retained an investigator who determined that the owners of CGR reside in Texas. [D.E. 86-2].  Plaintiffs attempted to serve the owners of CGR in Texas.  The process server confirmed their address in Texas with a neighbor.  The owner of CGR, Mr. Rebosio, then called the Texas process server and told him that he was in Florida. Exhibit F.

8.    Once again, Plaintiff attempted to serve CGR in Coral Springs, Florida, upon Mr. Rebosio's representation that he was back in Florida.  The process server was told by the manager of the office building that CGR no longer maintains an office at that address. Exhibit G

9.    Plaintiffs eventually located the CGR address at the W&W property because on February 17, 2010, CGR officially changed its mailing address as well as its registered agent's address to 3109 S.W. 15th Street, Deerfield Beach, Florida 33065.[4] Exhibit H.

---

[4]The Court should note that CGR's principal address remains as 12351 N.W. 35th Street, Coral Springs, Florida 33065, according to the Florida Department of State, Division of Corporations. Exhibit H.  The Court should also note that the official change of address for the registered agent was subsequent to the hearing of January 27, 2010, where the Court noted that someone was playing games. [D.E. 105-5].  Despite the Court's warning, W&W's counsel never notified Plaintiffs that CGR was working out of the same office.  The new CGR designated registered agent address was located due to Plaintiffs' counsel's faithful efforts to comply with the Court's directive to exercise his best efforts to serve CGR.

4

Plaintiffs have conferred with counsel for W&W and GEMBALA prior to filing this Motion. The Co-Defendants neither object nor oppose this Motion as they allege that they have no relation to CGR. Exhibit I.

## MEMORANDUM OF LAW

After diligent search and inquiry, Plaintiffs are unable to effectuate service upon Defendant, CGR. Plaintiffs therefore proceed to effectuate Constructive Service as authorized by Fed.R.Civ.P. 4(e)(3), which provides that service upon individuals within the judicial district may be effectuated in accordance with State law. See Affidavit of Diligent Search and Inquiry, filed contemporaneously with this Motion.

F.S. 49.021 states that "Where personal service of process…cannot be had, service of process by publication may be had upon any party, natural or corporate."

Service of process by publication may be made as authorized by F.S. § 49.001(11), in any action or proceeding.  No personal service of process is necessary in this action to enforce unpaid overtime and minimum wage violations as authorized by the Fair Labor Standards Act, 29 U.S.C. §§ 201-219.

F.S. 49.08 provides that upon the filing of a sworn affidavit, and complying with the requirements of the statute, Plaintiffs are entitled to have issued by the clerk, or judge, a notice of action which shall set forth:

1) The names of the known natural defendants; the names, status and description of the corporate defendants;…
2) The nature of the action or proceeding in short and simple terms…;
3) The name of the court in which the action or proceeding was instituted and an abbreviated title of the case.

5

The proposed Notice of Action for the corporate Defendant is attached hereto and marked Exhibit J.

WHEREFORE, Plaintiffs pray that this Honorable Court direct the Clerk of the Court to issue the proposed Notice of Action, attached hereto and marked Exhibit J, so that it may be published in the Daily Business Review, as authorized by Local Rule 5.2.  Once service of process is effectuated, the Court should hold an evidentiary hearing in order to assess costs and issue sanctions against the parties responsible for vexatiously multiplying these proceedings in bad faith, together with any and all other relief as the Court deems just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF, to Chris Kleppin, Esq. of Glasser, Boreth & Kleppin, 8751 W. Broward Boulevard, Suite 105, Plantation, Florida 33324, on this 12th day of April, 2010.

THE LAW OFFICES OF
EDDY O. MARBAN
Ocean Bank Building, Suite 350
782 N.W. LeJeune Road
Miami, Florida 33126
Telephone (305) 448-9292
Facsimile (305) 448-2788
E-mail: marban@bellsouth.net

By:   *s/Edilberto O. Marban*
EDDY O. MARBAN, ESQ.
Fl. Bar No. 435960